## HIGGINS *v.* THE STATE.

A new trial will not be granted on account of the refusal of instructions, where
the record does not contain the evidence, nor show that there was any evi-
dence to which they would have been applicable.

The Court below refused to admit an item of evidence on the trial, but the
record did not show that if admitted it could have had any influence on the
case. *Held,* that no error was shown.

In a criminal prosecution for forcible entry and detainer, the Court admitted
evidence that the defendant, in forcibly entering, &c,, assaulted and beat the
party in possession.

*Held,* that the evidence was correctly admitted.

*Held,* also, that the assault and battery was part of the offence charged, and
that the punishment therefor necessarily included that for the assault and
battery.

If a person having a possessory title to land, enters by force, and turns out a
person who has a naked possession only, he may be indicted for a breach of
the peace, but is not liable in trespass to the ousted person; and on the trial
upon the indictment, the title to land does not come in question.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—Criminal prosecution against *Higgins* for
forcible entry and detainer. Conviction and fine. The
evidence is not upon the record.

1. On the trial, the prosecutor asked certain witnesses
certain questions, which, the record states, they answered,
but gives no idea of what the responses were. They may
have been immaterial. We can not say the defendant was
injured by them. The record further states that the de-
fendant then called certain witnesses, and inquired of them
if the witnesses examined by the prosecutor had not made

to them certain statements, but the Court refused to hear their answers, &c. We can not say the Court erred in this refusal, because we do not know that anything to be contradicted had been stated.

2. The appellant complains that instructions asked by him were refused; but the record does not state that there was evidence to which they would have been applicable. Hence, it does not show that an error was committed.

3. He complains that an item of evidence offered by him was rejected. But the record does not show that it could have had any influence upon the case. If it could not, no harm was done in rejecting it. The item consisted of a deed for the premises forcibly entered. But the title was not necessarily in question.

4. He complains that a motion for a new trial was denied. But the motion was made after a motion in arrest of judgment; and, further, the evidence is not upon the record, enabling us to judge of the correctness of the verdict below. We can not say, therefore, that there was here any error.

5. The Court admitted evidence of violence upon the body of the person in possession of the premises forcibly entered upon, at the time of the entry, and the appellant complains of this as being evidence of an assault and battery, a separate offence, for which he should not be punished in this proceeding. But the evidence was proper to show the fact of a forcible entry and its character. By our statute, 2 R. S. 430, every person guilty of forcible entry or detainer may be fined in any sum not exceeding 1,000 dollars. The fine may vary with the character, the aggravation, of the offence. In addition to the criminal, there is also a civil remedy for possession, and "damages for retention" of the premises. 2 R. S. 492.

And as to the assault and battery, we take it that it is part of the offence, and is punished in the punishment for the forcible entry or detainer. "If a person having a possessory title to land, enters by force, and turns out a person who has a naked possession only," he may be indicted for a breach of the peace, but is not liable in trespass to the

ousted person; and on the trial of the indictment the title
to the land does not come in question.   *U. S.* Cr. Law,
277, 278, 279, 285.

   *Per Curiam.*—The judgment is affirmed with costs.

   *J. S. Scobey* and *W. Cumback*, for the appellant.