## ELMER WOMACK v. STATE.

No. A-5797.  Opinion Filed Oct. 30, 1926.  Rehearing Denied
Jan. 8, 1927.
(253 Pac. 1027.)

D. B. Madden and Walter Hubbell, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J.  The plaintiff in error, Elmer Womack, in this opinion referred to as the defendant, was

convicted of manslaughter in the first degree, with his punishment assessed by a jury at imprisonment in the state penitentiary for a period of 15 years.

The man slain, Milton McWaters, and the defendant, were farmers living in the same neighborhood, near the town of Temple. McWaters was the owner and in possession of a lease of Indian land located two or three miles away. The undisputed evidence shows that the defendant had gone upon the McWaters lease with a wagon and team, for the purpose of getting a load of wood. It appears that the defendant drove upon this lease over a two-wire fence that had been let down or weighted down for that purpose. The defendant claims that there was a gap in the fence where the wires were gone, and that he drove onto the lease through this gap. While the defendant was there cutting wood from a fallen tree top, McWaters came upon him, who, by the use of angry and possibly insulting language, ordered the defendant to leave the premises. At this time McWaters was dressed in his shirt sleeves with overalls or jumpers, in one of the pockets of which were two pieces of plug tobacco which caused the pocket to have a bulging out appearance, such as might be made by a small weapon. McWaters, however, was unarmed.

While this angry argument was in progress, McWaters advanced toward the defendant, as the defendant claims, in a threatening manner. The defendant dropped his double-blade ax and went first to his team and then to the wagon, where he procured a pistol with which he shot McWaters, making an abdominal wound. McWaters then begged for mercy and the defendant offered to take him to a physician. McWaters was put upon the wagon, which proceeded some distance towards a neighbor's house, when the jolt-

ing of the wagon was so painful that McWaters, on his request, was permitted to alight and the defendant proceeded on to the neighbor's house, where physicians were called and the sheriff notified.

The defendant claims he shot the deceased in self-defense, but the facts, as related by the defendant himself, indicate that his apprehensions of danger or of receiving serious bodily harm at the hands of the deceased at the time he fired the fatal shot were unreasonable. The defendant admits that, when he was first accosted by the deceased, he had in his hands a two-blade chopping ax; as the controversy became more accute, he laid the ax aside and procured his pistol, with which he shot deceased. His explanation of casually having the pistol there, wrapped in some blankets, was not convincing, but the incidents connected with the homicide, as related by the defendant, sufficiently raised the issue of self-defense, which was submitted to the jury by appropriate instructions.

The defendant complains that the court erred in refusing to grant a continuance. The motion for a continuance recited that, on account of the absence of Mrs. Wolsey, they could not safely proceed to trial. The court, in overruling the motion for a continuance, said:

"This matter comes on now to be heard on motion of the defendant for a continuance, supported by affidavit of the defendant and the defendant's counsel, Mr. Hubbell, and on consideration of the same, the court finds that on the 7th day of February, 1925, an order was made setting this case down for trial on the 4th day of March, 1925, and the court further finds that the defendant did not make an effort to secure the attendance of this witness until the 27th of February, 1925; did not cause praecipe to be filed nor subpoena to issue, and on the same date it was returned showing the witness not to be found in the county.

"There is no further showing of diligence excepting the county attorney looking towards what the witness might testify to, and might be admitted. There is a dispute between the attorney for the state and the attorneys for the defendant as to just the nature of that conversation; the court is of the opinion that, after reading the affidavit for continuance, it doesn't show diligence, as a matter of law, and the court is of the opinion that the testimony sought to be proved by this witness is not of materiality as to justify a continuance at this time; the court further finds it is not shown by that affidavit that this witness can ever be found or the testimony produced by the defendant; and the court is of the opinion that the affidavit for continuance should be overruled, and it is overruled."

We hold that, under the circumstances shown, the court did not abuse his discretion in overruling the motion. Musgraves v. State, 3 Okla. Cr. 421, 106 P. 544; Gentry v. State, 11 Okla. Cr. 355, 146 P. 719; Petty v. State, 11 Okla. Cr. 438, 147 P. 782.

The testimony shows that immediately after the deceased got off the defendant's wagon, a neighbor, Earl Parks, and another came to where he was, and the deceased, referring to the defendant, said:

"He has murdered me, boys. Take me to Walters."

This statement was admitted in evidence upon the theory that it was a part of the res gestæ. This statement was probably not a part of the res gestæ, but the error, if error it was, was harmless, for the reason that the defendant was convicted of manslaughter only, and the statement that "He has murdered me," made by the deceased, must have been considered by the jury as equivalent to a declaration that the defendant had shot him. Otherwise, the jury would have convicted him of murder and not manslaughter. Moreover, the error, if any, was waived by the defendant, who introduced a witness who testified to the same effect. The

defendant admitted the killing and the jury gave the defendant the benefit of the doubt as to whether it was murder or manslaughter, rendering the admission of this declaration harmless. Rogers v. State, 9 Okla. Cr. 277, 131 P. 941; Fowler v. State, 8 Okla. Cr. 130, 126 P. 831; Pate v. State, 15 Okla. Cr. 90, 175 P. 122; Snow v. State, 91 Tex. Cr. R. 1, 237 S. W. 563, 20 A. L. R. 1180.

The court refused to permit the defendant to show that, for a period of years, various and sundry neighbors were in the habit of going upon this lease to cut and haul away firewood; that, during the greater part of this period, this leaseholder estate was owned and in possession of another. This offer was properly refused. A trespasser cannot justify upon the grounds that many others committed a like trespass, or that the series of trespasses justifies a continuance of such habit. The testimony shows that the deceased, the lessor, had repaired the fences inclosing the lease, and that these trespassers would break down the fences to make an entrance thereon; that some of them passed through the gates and left the gates open; and that besides cutting down timber, the estate was sometimes otherwise damaged. This, in connection with the testimony that the defendant made an entrance over and through a wire fence that had been recently repaired, that he went there armed ostensibly for the purpose of resisting eviction, or for his own protection, indicates that he knew he was a trespasser.

The defendant's right of self-defense was liberally covered by the admission of testimony and the instructions of the court. Where the owner of premises discovers a trespasser secretly cutting wood, prepared to transport it from the premises, and the owner by the use of insulting epithets orders the trespasser away,

and, at the same time, while unarmed, advances toward the trespasser in a menacing manner, the trespasser's right of self-defense does not arise until he has availed himself of every safe means of retreat. But, even a trespasser, under such circumstances, where means of retreat are impracticable, has a right within reasonable bounds to repel an apparent dangerous attack in his necessary self-defense. Turley v. State, 74 Neb. 471, 104 N. W. 934; Lawson Cr. Defs. to Crime, vol. 6, 188.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.