Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 25 2013, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

WALTER FISK,                               )
                                           )
    Appellant-Defendant,          )
                                           )
      vs.                    )   No. 49A02-1208-CR-646
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.           )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Richard Sallee, Judge
Cause No. 49F10-1203-CM-18632

**April 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Walter Fisk was convicted of Battery[1] as a class A misdemeanor and Unauthorized Entry of a Motorized Vehicle[2] as a class B misdemeanor. Fisk appeals and argues that the State presented insufficient evidence to support his battery conviction.

We affirm.

On the evening of March 19, 2012, Timothy Lambert was sitting on his porch in Indianapolis when he observed an individual, later identified as Fisk, walking down the street. Fisk approached a truck owned by Lambert's uncle, opened the unlocked passenger-side door, and got into the truck. Lambert then approached the vehicle and told Fisk to get out. When Fisk refused, Lambert pulled Fisk out of the truck by his shirt collar and attempted to pin him against the truck. Fisk managed to slip from Lambert's grasp and started to run away, but Lambert grabbed him from behind and both men fell to the ground. Then, while Lambert lay on his back on the ground, Fisk stood up, straddled Lambert, and struck him twice in the face.

By that time, Lambert's mother, father, uncle, and a family friend had come outside, and they called 911 and tried to help restrain Fisk. When Fisk turned toward Lambert's family, Lambert became concerned that Fisk would harm them, so he grabbed Fisk from behind and placed him in a choke-hold. Lambert then pushed Fisk onto the ground and held his arms down while Lambert's father put his foot on Fisk's chest. While waiting for the

---

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current with all 2012 legislation).
[2] Ind. Code Ann. § 35-43-4-2.7 (West, Westlaw current with all 2012 legislation).

2

police to arrive, Fisk attempted to bribe the men into letting him go. Fisk subsequently spat on Lambert's father in the presence of the responding officer, and Fisk was then placed under arrest. As a result of the scuffle, Lambert suffered pain and injuries to his lip, knee, and elbow including swelling, bruising, and bleeding.

Fisk was subsequently charged with class A misdemeanor battery by bodily waste, class A misdemeanor battery, and class B misdemeanor unauthorized entry of a motorized vehicle. A bench trial was held on July 24, 2012. At the conclusion of the evidence, the trial court granted Fisk's motion to dismiss the battery by bodily waste charge and found Fisk guilty of the remaining charges. Fisk now appeals.

On appeal, Fisk challenges the sufficiency of the evidence to support his battery conviction only. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008).

It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007). Accordingly, the question on appeal is whether the inferences supporting the verdict were reasonable, not

3

whether other, "more reasonable" inferences could have been drawn. *Thompson v. State*, 804 N.E.2d 1146, 1150 (Ind. 2004). Because reaching alternative inferences is the function of the trier of fact, we may not reverse a conviction merely because a different inference might plausibly be drawn from the evidence. *Thompson v. State*, 804 N.E.2d 1146.

In order to convict Fisk of class A misdemeanor battery as charged, the State was required to prove that Fisk knowingly or intentionally touched Lambert in a rude, insolent, or angry manner, and that the touching resulted in bodily injury to Lambert. *See* I.C. § 35-42-2-1. Fisk does not dispute that he intentionally struck Lambert or that Lambert suffered bodily injury; rather, Fisk argues that Lambert had no authority to detain him, and that any injury Lambert sustained was the result of Fisk's attempts to repel Lambert's use of unlawful force.

Much of Fisk's brief is devoted to advancing his argument that Lambert lacked legal authority to forcibly detain him under the circumstances of this case. Specifically, Fisk directs our attention to Ind. Code Ann. § 35-33-1-4 (West, Westlaw current with all 2012 legislation), which provides in relevant part as follows:

> (a) Any person may arrest any other person if:
> (1) the other person committed a felony in his presence;
> (2) a felony has been committed and he has probable cause to believe that the other person has committed that felony; or
> (3) a misdemeanor involving a breach of peace is being committed in his presence and the arrest is necessary to prevent the continuance of the breach of peace.

Fisk argues that Lambert was not authorized to arrest him under subsection (a)(1) or (a)(2) because no felony had been committed, and that the arrest was not authorized under subsection (a)(3) because unauthorized entry of a motorized vehicle does not involve a

4

breach of the peace. *See Lemon v. State*, 868 N.E.2d 1190, 1194 (Ind. Ct. App. 2007) (noting that "violence, either actual or threatened, is an essential element of breaching the peace"). Fisk also argues that Lambert was not authorized to use force to prevent his escape under Ind. Code Ann. § 35-41-3-3 (West, Westlaw current with all 2012 legislation), which provides that a person other than a law enforcement officer is justified in using reasonable force to effect an arrest or prevent an escape only if a felony has been committed and there is probable cause to believe the arrestee committed that felony. Fisk also argues that Lambert was not authorized under I.C. § 35-41-3-2 (West, Westlaw current with all 2012 legislation) to use force against him to terminate his entry into the unoccupied vehicle.

The legality of Lambert's actions, however, is only indirectly relevant to the issue of Fisk's guilt; the possibility that Lambert might be subject to criminal or civil liability for battering or unlawfully detaining Fisk does not necessarily foreclose the possibility that Fisk is also guilty of battery. Essentially, Fisk's argument boils down to a claim of self-defense—that is, he argues that because Lambert was without legal authority to detain him, he was justified in using force to defend himself from Lambert.

We need not resolve the question of whether Lambert had legal authority to forcibly detain Fisk, however, because even if we assume that Lambert lacked such authority, the evidence supports a conclusion that Fisk is not entitled to assert the defense of self-defense in this case. As the State points out, Indiana's self-defense statute provides in relevant part that a person is not justified in using force to repel another's use of unlawful force if "the person is committing or is escaping after the commission of a crime[.]" I.C. § 35-41-3-2. Our

5

Supreme Court has held that the fact that a defendant was committing a crime at the time he claims to have been defending himself, standing alone, is not enough to deprive him of the defense of self-defense. *Mayes v. State*, 744 N.E.2d 390 (Ind. 2001). "Rather, there must be an immediate causal connection between the crime and the confrontation. Stated differently, the evidence must show that but for the defendant committing a crime, the confrontation resulting in injury to the victim would not have occurred." *Id.* at 394; *see also Fuentes v. State*, 952 N.E.2d 275 (Ind. Ct. App. 2011), *trans. denied*.

Here, the evidence presented at trial supports a conclusion that the altercation between Fisk and Lambert occurred while Fisk was committing and attempting to escape after committing the crime of unauthorized entry of a motorized vehicle, and the confrontation between Lambert and Fisk was the direct result of that crime. Indeed, Lambert approached Fisk in order to remove him from the truck, and Lambert testified that he attempted to detain Fisk because he did not want him to escape before police arrived and, later, because he was concerned that Fisk would harm his family. While we express no opinion on whether Lambert may also have committed battery or some other criminal act, these facts are sufficient to support a conclusion that Fisk was foreclosed from asserting self-defense.[3]

---

[3] Fisk also states in passing that the trial court erred as a matter of law when it stated, allegedly with respect to the right to a private citizen's right to effectuate an arrest, that "the same rights should apply to a citizen as well as a policeman." *Transcript* at 60-61. As an initial matter, it is not entirely clear to us that the trial court was referring to a citizen's right to effectuate an arrest. The entirety of the quote is as follows: "I'm saying though *even if it's an illegal arrest*, he physically resisted; and I think the same rights should apply to a citizen as well as to a policeman." *Id.* (emphasis supplied). The court went on to state that it did not believe Lambert made an illegal arrest, but even if he had, the court did not believe Fisk had a right to physically resist because "he had no right to be in that vehicle[.]" *Id.* at 61. Thus, it appears that the trial court was addressing Fisk's right to use force against Lambert in light of the fact that Fisk was attempting to escape after the commission of a crime. To the extent the trial court may have erred in concluding that Lambert was legally authorized to arrest

6

In any event, even if Fisk had a right to assert self-defense, the State presented sufficient evidence to rebut such a claim on the merits. To prevail on a self-defense claim, a defendant must establish that he: (1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274 (Ind. 2003). The law is well settled that the amount of force used must be proportionate to the urgency of the situation. *Hollowell v. State*, 707 N.E.2d 1014 (Ind. Ct. App. 1999). Indeed, "'[w]here a person has used more force than necessary to repel an attack the right to self-defense is extinguished, and the ultimate result is that the victim then becomes the perpetrator.'" *Id.* at 1021 (quoting *Geralds v. State*, 647 N.E.2d 369, 373 (Ind. Ct. App. 1995), *trans. denied*). When a self-defense claim is raised and finds support in the evidence, the State need negate only one of the necessary elements. *Wilson v. State*, 770 N.E.2d 799 (Ind. 2002). We review challenges to the sufficiency of the evidence to rebut a claim of self-defense under the same standard used for any claim of insufficient evidence. *Pinkston v. State*, 821 N.E.2d 830 (Ind. Ct. App. 2004), *trans. denied*.

As explained above, the State presented evidence that the altercation in this case was precipitated by Fisk's criminal act of entering the truck without permission, his refusal to exit the truck when Lambert instructed him to do so, and his attempts to flee from the scene. Under these facts and circumstances, the trier of fact could readily conclude that Fisk did not act without fault. Additionally, the State presented evidence that while Lambert was lying on

Fisk, any error was harmless because the trial court ultimately concluded that even if the arrest was unlawful, Fisk still had no right to use force against Lambert in order to escape following his commission of a crime.

7

the ground on his back, Fisk stood up, straddled him, and struck him twice in the face. These facts would support a conclusion that Fisk used more force than was necessary under the circumstances, thereby extinguishing any right to self-defense.[4] Accordingly, the State presented sufficient evidence to rebut Fisk's claim of self-defense.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.

---

[4] Fisk suggests that it was Lambert, not Fisk, who used an excessive or unreasonable amount of force, which in turn justified the degree of force Fisk used. This is simply a request to reweigh the evidence, which we will not do on appeal. We note, however, that the majority of Lambert's actions that Fisk cites as evidence of unreasonable or excessive force on Lambert's part took place *after* Fisk struck Lambert in the face. Specifically, Lambert admitted to choking Fisk nearly to unconsciousness because he was concerned that Fisk might harm his family members. Fisk also points out that Lambert pushed Fisk onto the ground and held his arms while Lambert's father had his foot on Fisk's chest. By the time these acts occurred, however, Fisk's assault on Lambert was already complete. Prior to Fisk twice striking Lambert in the face, Lambert had only attempted to restrain Fisk. The trier of fact could reasonably conclude that Fisk's reaction in standing over Lambert and twice striking him in the face while he lay on his back was disproportionate to the urgency of the situation.