## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 07 2015, 9:55 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Barbara J. Simmons | Gregory F. Zoeller |
| Oldenburg, Indiana | Attorney General of Indiana |
| | |
| | Karl M. Scharnberg |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kaleigh Hix, | October 7, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A04-1502-CR-70 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Carl E. Van Dorn, Senior Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49G07-1410-CM-49024 |

**Najam, Judge.**

# Statement of the Case

Kaleigh Hix appeals her convictions for disorderly conduct and public intoxication, both as Class B misdemeanors, following a bench trial. Hix presents a single issue for our review, namely, whether the State presented sufficient evidence to support her convictions. We affirm.

# Facts and Procedural History

On October 25, 2014, at approximately 2:30 a.m., Hix went to the Grove Sports Bar in Beech Grove to pick up her friend Angela Beck. When Hix arrived, she found Beck outside the bar engaged in a heated argument with a woman named Courtney. Hix exited her vehicle, "grab[bed] Beck by [her] jacket," and Hix and Beck started towards the car. Tr. at 23. Jessica Portillo, a friend of Courtney's, came up behind Beck as they walked to the car, and Hix and Portillo began to "fight in the middle of the street[.]" *Id.* at 8. Approximately twenty people were in the street watching the fight, and the crowd blocked traffic.

Beech Grove Police Officer Nathan Rinks was driving by the bar when he saw Hix and Portillo engaged in a physical altercation in the street. Officer Rinks pulled up, exited his vehicle, and yelled at the women to stop fighting, but they continued to fight. Officer Rinks then "separated them and put 'em both in handcuffs." *Id.* at 8-9. Officers Rinks "could tell [Hix] had been drinking. She had a strong odor of alcohol on her breath, [and] her eyes were somewhat

glassy." *Id.* at 10. Beech Grove Police Captain Kellen Malloy arrived to assist Officer Rinks and observed that Hix was intoxicated.

[4] The State charged Hix with disorderly conduct and public intoxication, both as Class B misdemeanors. The trial court found Hix guilty as charged and entered judgment accordingly. The trial court sentenced Hix to ten days for each count, all suspended, and the court ordered Hix to complete thirty-two hours of community service. This appeal ensued.

## Discussion and Decision

[5] Hix contends that the State presented insufficient evidence to support her convictions. Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations omitted) (internal quotation marks omitted).

[6] To convict Hix of disorderly conduct, as a Class B misdemeanor, the State was required to prove that Hix recklessly, knowingly, or intentionally engaged in fighting or tumultuous conduct. Ind. Code § 35-45-1-3(a)(1). Hix's sole

contention on appeal is that the State did not present sufficient evidence to show that she engaged in tumultuous conduct. Hix does not challenge the sufficiency of the evidence to prove that she engaged in fighting. Because Officer Rinks testified that he saw Hix fighting with Portillo, the evidence is sufficient to support Hix's conviction for disorderly conduct. *See id.*

[7] To convict Hix of public intoxication, as a Class B misdemeanor, the State was required to prove that Hix: was found in a public place; in a state of intoxication caused by her use of alcohol; and either breached the peace or was in imminent danger of breaching the peace. Ind. Code § 7.1-5-1-3(a)(3). On appeal, Hix challenges the State's evidence with respect to two of the elements of the offense: whether she was intoxicated and whether she breached the peace. But we hold that the State presented sufficient evidence on both challenged elements.

[8] Indiana Code Section 9-13-2-86 defines intoxication in pertinent part as under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Impairment can be established by evidence of the following: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; and (6) slurred speech." *Fought v. State*, 898 N.E.2d 447, 451 (Ind. Ct. App. 2008). Here, Officer Rinks testified that he "could tell [Hix] had been drinking. She had a strong odor of alcohol on her breath, [and] her eyes were somewhat glassy." Tr. at 10. And Captain Malloy testified that Hix: had a strong odor of

alcoholic beverage on her breath; had bloodshot and watery eyes; and had slurred speech. The evidence was sufficient to show that Hix was intoxicated.

[9] A breach of the peace includes all violations of public peace, order or decorum. *Lemon v. State*, 868 N.E.2d 1190, 1194 (Ind. Ct. App. 2007). "It is a violation or disturbance of the public tranquility or order and includes breaking or disturbing the public peace by any riotous, forceful, or unlawful proceedings." *Id.* (quoting *State v. Hart*, 669 N.E.2d 762, 764 (Ind. Ct. App. 1996)). Here, Hix's fight with Portillo in the middle of a public street was loud and drew a crowd of approximately twenty people, which blocked traffic. The State presented sufficient evidence to support Hix's conviction for public intoxication.

[10] Affirmed.

Kirsch, J., and Barnes, J., concur.