## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2017, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Ryan, | March 20, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1606-CR-1468 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Rebekah Pierson-Treacy, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49G19-1603-CM-10662 |

**Barnes, Judge.**

# Case Summary

William Ryan appeals his conviction for Class B misdemeanor public intoxication. We affirm.

# Issue

Ryan raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

# Facts

On March 19, 2016, Officer John Walters of the Indianapolis Metropolitan Police Department was working off-duty at Tiki Bob's Cantina in Indianapolis. Officer Walters was in uniform standing with his marked police car in front of the business. Officer Walters saw the bar's staff physically remove Ryan from the business, place him on the sidewalk, and tell him to leave. Ryan was "very aggressive" toward the bar's staff, using profanity, and "pretty belligerent." Tr. p. 9. Officer Walters noticed that Ryan had slurred speech and red and glassy eyes, smelled of alcohol, wavered while he stood, and staggered when he walked. Ryan stood "with balled fists" at the entrance of the bar. *Id.* at 11. Employees had to stop letting people into the bar to deal with Ryan. Officer Walters approached Ryan and told him to leave, and Ryan became "belligerent" with the officer and started "cussing" at him. *Id.* at 12. Officer Walters repeatedly told Ryan to leave, and Ryan "[g]ot right in [the officer's] face," stood "in [the officer's] face with balled fists," and repeatedly demanded the officer's badge number, which the officer repeatedly provided. *Id.* at 13, 15.

At one point, Officer Walters had to push Ryan away because he was so belligerent and in the officer's face. Because of Ryan's aggressive behavior and failure to leave the area, Officer Walters thought there was "an imminent chance for him to start a physical fight or to entice somebody else to fight with him." *Id.* Officer Walters then arrested Ryan.

[4] The State charged Ryan with Class B misdemeanor public intoxication and alleged that he had either breached the peace or was in imminent danger of breaching the peace. After a bench trial, Ryan was found guilty as charged. The trial court sentenced him to twenty days in jail and 270 days of probation. Ryan now appeals.

## Analysis

[5] Ryan argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[6] Indiana Code Section 7.1-5-1-3(a)(3) makes it a Class B misdemeanor "for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol . . . , if the person . . . breaches the peace

or is in imminent danger of breaching the peace . . . ." Ryan argues that the evidence was insufficient to prove that he was intoxicated or that he breached the peace or was in imminent danger of breaching the peace.

[7] Indiana Code Section 9-13-2-86 defines "intoxicated" as "under the influence of . . . alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." "Impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*.

[8] Ryan testified that he had been drinking on the evening in question. Officer Walters noticed that Ryan had slurred speech and red and glassy eyes, smelled of alcohol, wavered while he stood, and staggered when he walked. Ryan was belligerent and aggressive during the confrontation with the bar's staff and during his interaction with Officer Walters. Ryan argues that he was merely agitated because he had been "unfairly thrown out of the bar" and because Officer Walters would not listen to his complaints. Appellant's Br. p. 11. Ryan's argument is merely a request that we reweigh the evidence, which we cannot do. The evidence was sufficient to prove that Ryan was intoxicated.

[9] Next, Ryan argues that he did not breach the peace and that he was not in imminent danger of breaching the peace. A breach of the peace includes all

violations of public peace, order, or decorum. *Lemon v. State*, 868 N.E.2d 1190, 1194 (Ind. Ct. App. 2007). A breach of the peace is "a violation or disturbance of the public tranquility or order and includes breaking or disturbing the public peace by any riotous, forceful, or unlawful proceedings." *Id.* Our supreme court has stated that violence, either actual or threatened, is an essential element of breaching the peace. *Price v. State*, 622 N.E.2d 954, 960 n. 6 (Ind. 1993).

[10] Here, the State presented evidence that, after being forcibly removed from the bar and placed on the sidewalk, Ryan was belligerent and aggressive with Officer Walters. Officer Walters repeatedly told Ryan to leave, and Ryan "[g]ot right in [the officer's] face," stood "in [the officer's] face with balled fists," and repeatedly demanded the officer's badge number, which the officer repeatedly provided. Tr. p. 13, 15. At one point, Officer Walters had to push Ryan away because he was so belligerent and in the officer's face. Given the evidence that Ryan balled up his fists, repeatedly got in Officer Walters's face, was belligerent and aggressive, and refused to leave the area despite several instructions to do so, we conclude the evidence was sufficient to show that Ryan threatened violence and disturbed the public tranquility or order. The evidence is sufficient to show that Ryan breached the peace or was in imminent danger of breaching the peace. *See Williams v. State*, 989 N.E.2d 366, 370-371 (Ind. Ct. App. 2013) (holding that the evidence was sufficient for the trial court to find the defendant guilty of public intoxication where he was extremely intoxicated, staggered

from side to side, refused to move off of the street, was belligerent with the officers, and jerked away from officers).

## Conclusion

[11] The evidence is sufficient to sustain Ryan's conviction for Class B misdemeanor public intoxication. We affirm.

[12] Affirmed.

Kirsch, J., and Robb, J., concur.