# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 09 2017, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marta Deleon, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 9, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1705-CR-1146 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Annie Christ-Garcia, Judge <br><br> Trial Court Cause No. <br> 49G24-1612-F6-46155 |

**Altice, Judge.**

**Case Summary**

[1] Marta Deleon appeals her conviction for criminal trespass, a Class A misdemeanor. She contends that the State presented insufficient evidence to support the conviction.

[2] We affirm.

## Facts & Procedural History

[3] The Wheeler Mission Ministry Center for Women and Children (the Mission) in Indianapolis follows a winter contingency policy when the facility does not have enough beds during the winter months. Pursuant to this policy, guests who arrive early enough are allowed to have dinner, stay the night, and have breakfast the next morning. They then must leave the Mission.

[4] Deleon arrived at the Mission on November 30, 2016. Deleon filled out the intake form for the overnight stay and reviewed the rules with a staff member. The next morning, when she was asked by a staff member to leave, Deleon refused. Deleon continued to ask about additional resources available at the Mission and questioned, "why did I have to give them my ID and information if they weren't going to help me." *Transcript* at 46.

[5] Amanda Craig, the case manager on duty that day, eventually intervened and also asked Deleon to leave the Mission. Deleon would not leave. Craig attempted to negotiate with Deleon. For example, Deleon indicated that she needed to retrieve her razor, so Craig said she would get it and give it to her

once she left the Mission. Craig then asked again for Deleon to leave and warned that she would have to call the police if Deleon chose not to leave.

[6] The front desk staff member called the police because Deleon would not leave. When the responding officer arrived, Deleon continued to forestall leaving. At one point, Deleon sat on a couch and leaned back as she kicked and yelled at the officer. Backup officers were called to the scene, and the officers eventually had to take Deleon to the ground to place handcuffs on her before removing her from the Mission.

[7] At a bench trial on May 3, 2017, Deleon was convicted of criminal trespass. The trial court imposed a sentence of eighty-two days in jail, which amounted to time served. Deleon appeals, challenging the sufficiency of the evidence.

## Discussion & Decision

[8] When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm the conviction if there is probative evidence from which a reasonable finder of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

[9] Deleon was convicted of criminal trespass pursuant to Ind. Code § 35-43-2-2(b)(2), which provides that a person who, "not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of

another person after having been asked to leave by the other person or that person's agent…commits criminal trespass, a Class A misdemeanor." Under this statute, the element of communication of a request to leave the property "implies a reasonable period of time for the person receiving that communication to leave of her/his own volition." *Curtis v. State*, 58 N.E.3d 992, 994 (Ind. Ct. App. 2016) (quoting *Lemon v. State*, 868 N.E.2d 1190, 1196-97 (Ind. Ct. App. 2007)). If the person is not given a reasonable period of time to comply with the request to leave, then there is no trespass. *Id.*

[10] Deleon concedes that she did not have a contractual interest in the property and that she was asked to leave the property by staff members. Deleon argues, however, that the State failed to establish beyond a reasonable doubt that she knowingly or intentionally refused to leave. In this regard, Deleon notes that she asked for additional services and also for her razor and that she was in the process of packing up her belongings when the police officer arrived. Deleon also contends that she was never informed that she had to leave immediately.

[11] We reject Deleon's invitation to reweigh the evidence. The evidence establishes that Deleon was provided ample time to comply with the request to leave. Two separate staff members asked Deleon to leave, but Deleon refused. Craig even attempted to engage in negotiations with Deleon to encourage her to comply. Deleon was then warned by Craig that the police would be called if she did not leave as requested. Ultimately, the police were called and the responding officer found Deleon still inside the Mission. She sat on a couch and kicked and yelled as the officer attempted to remove her from the property. The officer

had to call for backup before Deleon could be forcibly removed. This evidence sufficiently supports Deleon's conviction for criminal trespass.

[12] Judgment affirmed.

[13] Baker, J. and Bailey, J., concur.