LAWRENCE G. SMITH *v.* STATE OF INDIANA.

[No. 671S175.  Filed June 6, 1972.]

*Stephen Bower, Ralph Bower, Bower & Bower,* of Kentland, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the possession of marijuana. Trial by jury resulted in a verdict of guilty. Appellant was sentenced to the Indiana State Reformatory for a term of not less than two nor more than ten years, which sentence was suspended. Appellant was fined $300 and costs.

The record discloses the following facts:

On September 10, 1969, just before midnight State's Witnesses Langley and Severs observed appellant's automobile with its parking lights on on a country road about one tenth of a mile from Severs' house. Severs was concerned because he had tractors parked in the area and thought that someone might be trying to steal some of his equipment. In the course of their investigation the witnesses noticed marijuana stacked along the road, which marijuana the Witness Severs had previously mowed. Severs went to his house and called the sheriff, then returned and had a conversation with the driver of

the car, who told him the car was stuck in gear. Langley and Severs helped push the car, which was then driven down the road to the place where the marijuana was stacked. Severs stated that he could see shadows moving behind the car. When the car left, Langley and Severs followed. Shortly the car ran into a ditch, at which time Langley and Severs got out of their car and by the use of shotguns made a citizens's arrest of the appellant and his two companions.

Severs testified that as they were pursuing the appellant and his companions they observed that the pile of marijuana which had previously been at the side of the road was gone. At the time Langley and Severs made their arrest the appellant stated that he was a policeman from Chicago.

While Langley and Severs were holding the appellant and his companions awaiting the arrival of the police officers, the appellant and his companions told them they had marijuana in the trunk of their car. Deputy Sheriff Otis Henry arrived and was told by Langley and Severs that marijuana was in the trunk of the car. Shortly State Trooper Finch arrived and observed that marijuana was sticking out from under the trunk lid of the car. The officers arrested appellant and his companions and asked Severs to tow the automobile to his house. The car remained at Severs' house that night.

State police chemists testified that chemical analysis of the material found in the trunk of appellant's car was in fact marijuana.

The appellant testified that he was a member of the Chicago, Illinois, Police Department; that his parents had a summer house in Sumava Resorts, Indiana, and that he had spent every summer there for a period of years; that he and Donald Wilson, one of his companions on the night in question, had made plans to gather marijuana; that Wilson knew how to prepare it. Wilson had told him he could sell the marijuana to a pusher on the north side of Chicago. Appellant testified that he wanted to know who the pusher was; that he was

later going to inform his commanding officer; however, he had never said anything to his superiors about such a plan.

Appellant first claims the trial court erred in not sustaining a motion to suppress evidence on the basis of an illegal citizen's arrest. It is appellant's position that since the citizens making the arrest did not actually see the appellant load the marijuana into his automobile that the arrest was illegal. It is appellant's position that a citizen cannot make an arrest on suspicion, but may arrest only if he sees a felony committed in his presence. In support of this position appellant cites *Knotts* v. *State* (1963), 243 Ind. 501, 187 N. E. 2d 571, 1 Ind. Dec. 73. Appellant has misconstrued this Court's holding in the *Knotts* case. The common law concerning a citizen's arrest was set out in *Simmons* v. *Vandyke* (1894), 138 Ind. 380, 37 N. E. 973. At pages 383 and 384 the Court, quoting from a New York case, stated:

> " 'The rule is that a private person even may arrest a party, if a felony has in fact been committed, and there was reasonable ground of suspicion; but in the case of ■ an officer, he is justified in making an arrest if no felony was in fact committed, if he acted upon information from another on which he had reason to rely.' "

The statement in *Knotts* was merely to the effect that a private citizen may make an arrest of one who commits a felony in his presence. It in no way refuted the rule above ■ stated. We see nothing illegal about the citizens' arrest of which appellant complains. Even if the arrest had been illegal, the only result would have been that the citizens making such an arrest might incur liability for damages. See *Grand Rapids & Ind. Ry. Co.* v. *King* (1908), 41 Ind. App. 701, 83 N. E. 778. In *Knotts* this Court observed that although one might be privately liable for conducting an illegal search, this did not prevent him from testifying what he found in such a search.

This Court has recently reaffirmed the principle that the Fourth Amendment protection against unreasonable searches

and seizures does not apply to searches conducted by private citizens when they are not acting as agents of police authorities. See *Gunter* v. *State* (1971), 257 Ind. 524, 275 N. E. 2d 810, 28 Ind. Dec. 183.

We, therefore, hold that the trial court did not err in denying appellant's motion to suppress evidence.

Appellant next claims this case should be reversed because of the State's repeated attempts to tender evidence of the defendant's exercise of his Fifth Amendment rights. However, an examination of the record in its entirety discloses that the evidence to which the appellant now objects was not submitted by the State for the purpose of showing that appellant had refused to make a statement, but for the purpose of showing that the officers had fully advised the appellant of his constitutional rights. One of the officers had testified that he had only partially informed the appellant of his constitutional rights orally, but that he had shown a written form containing the constitutional rights to the appellant and had read the contents to the appellant. The appellant himself testified that he was fully conversant with his constitutional rights by reason of the fact that he was a police officer for the City of Chicago. He further verified the testimony of the State's witnesses when he stated that he did not request the presence of an attorney at the time of his arrest. It was necessary for the State to establish that appellant had been fully advised of his constitutional rights for subsequently the State through its witness, Police Officer Carl Tyner, who was an identification officer for the Indiana State Police, submitted evidence that during the time the appellant was being fingerprinted and photographed and at a time when Tyner learned appellant was a police officer for the City of Chicago, Tyner asked the appellant why "he was doing a fool thing like that" (referring to the marijuana arrest.) Tyner testified that appellant's reply was, ". . . the defendant hesitated, and hung his head a

little bit, and paused before he answered me, and he made the statement that he just wasn't making enough money being a police officer."

It is true as stated by the appellant that this Court has stated previously that attempts on the part of the State to get before the jury the fact that an accused had chosen to remain silent does constitute a violation of his right to remain silent and to be protected from comment and innuendo on the exercise of that right. See *Garrison* v. *State* (1967), 249 Ind. 206, 231 N. E. 2d 243, 12 Ind. Dec. 156. However, in the case at bar the only references to the fact that appellant refused to make a statement came into the record without objection on the part of appellant's counsel, thus raising no question as to their admissibility. See *Sams* v. *State* (1969), 251 Ind. 571, 243 N. E. 2d 879, 16 Ind. Dec. 396.

Further, we note from the record this is not a case of a total denial of participation on the part of the appellant. Appellant consistently took the position before and during his trial that he did participate in obtaining the marijuana. However, he attempted to explain that he did so in an effort to learn the identity of a Chicago drug pusher. The jury apparently chose to disbelieve the appellant's explanation of his participation. We have repeatedly stated that we will not weigh the evidence. The weight of the evidence is within the province of the jury. *Farmer v. State* (1971), 257 Ind. 511, 275 N. E. 2d 783, 28 Ind. Dec. 170.

We would further note that appellant's contention that his constitutional rights were violated by the state continuing to question him after he had refused to sign a waiver is of no avail within the factual framework of this case. For as above pointed out, this is not a case where an accused did in fact remain silent. Appellant admitted from the onset that he was in fact in possession of marijuana, and he never deviated from his explanation of his possession.

There is, therefore, no factual framework to apply the proposition of law advanced by the appellant concerning his right to remain silent.

The appellant next contends the trial court erred in admitting into evidence State's Exhibits D and E, Exhibit D being the marijuana found in the trunk of appellant's car and Exhibit E being a tested sample taken from Exhibit D. It is appellant's position that these exhibits were improperly admitted for the reason that the State did not show a sufficient chain of possession of the marijuana from the time of the arrest of the defendant until the date of trial. First, we cannot agree with the appellant that there was a break in the chain of possession. From the time the marijuana was discovered in the trunk of appellant's car it remained locked therein at the home of the Witness Severs until taken the next day to the police department where it remained in the custody of the police until presented to the trial court. However, without going into the detail of the preservation of the chain of possession we would point out that even if there had been a break in the chain of possession it would not avail the appellant a reversal of his conviction. As previously pointed out, the appellant himself admitted both at the time of his arrest and at the trial that he had participated in the gathering of marijuana and placing it in the trunk of his car. Police officers at the scene of the arrest testified that they were familiar with marijuana and were able to identify the contents of the trunk of appellant's car as marijuana.

The Witness Severs testified that plants known to him as marijuana were mowed by him at the side of the road and that these same plants were first stacked beside the road and later loaded into appellant's car prior to the citizens' arrest effected by Severs and Langley. Thus, there was an abundance of evidence independent of Exhibit D to establish the fact that at the time of his arrest appellant was in possession of marijuana. Thus, even if there had been

a break in the chain of possession to render Exhibit D inadmissible, the admission would not be reversible error for this Court has held that the admission of incompetent evidence tending only to show facts proven by other competent evidence is not reversible error. *Crim* v. *State* (1971), 257 Ind. 51, 272 N. E. 2d 85, 26 Ind. Dec. 516.

Appellant next claims reversible error because of alleged misconduct on the part of the prosecuting attorney who in his closing argument stated:

> "You as jurors at this stage of this proceeding have it within your power to set the moral standards for this community. I think it's more important, probably, than any other case that we have had down here involving this marihuana, for two reasons, Number One, we have here charged, a man whose duty it is to enforce the law and to prevent the violation of the law, instead of some Hippie out of Chicago. And Number Two, as you can see within the body of this court room, during the deliberations of this case, almost every young person in the Government Class of South Newton High School has attended this trial, has followed this trial, and will follow your verdict in this case. And I say probably now, more than ever more, you are going to have to come to the spot where it's your turn to stand up and be counted."

We would first observe the appellant has waived this question by his failure to object at the time of the oral argument to the remarks of the prosecutor nor did he request the trial judge to instruct the jury to disregard the remarks of the prosecutor. *Rexroat* v. *State* (1964), 245 Ind. 688, 201 N. E. 2d 558, 4 Ind. Dec. 46. We would further observe, however, that the comments of the prosecuting attorney in the instant case were not improper.

Appellant has cited *23A C.J.S., Criminal Law, § 1107* in support of his contention. This section and the cases cited thereunder support the prosecution in the statement above quoted. The above citation supports the proposition that a prosecuting attorney may on final argument remark on the public demand for a conviction and may argue

that the people have a right to expect the jury to remove the defendant from society. Cases are cited to the effect that it is improper for the prosecuting attorney to state that if members in the audience could pass on the guilt of the defendant, he would be adjudged guilty. However, this is a far cry from the remarks stated by the prosecuting attorney in this case. We hold the remarks of the prosecutor were not improper and in fact are supported by the C.J.S. citation, *supra*.

Appellant next argues the trial court erred in giving State's Instruction No. 2, which reads as follows:

> "You are instructed that a private citizen has the right, derived from the common law, to make an arrest when a felony has been committed in his presence or within his observation; or he may arrest one whom he reasonably believes to be guilty of a felony, which has actually been committed.
>
> "It is not necessary that an offender whom a citizen undertakes to arrest should be connected with the felony by direct evidence; it is sufficient if the evidence supplied by circumstances establishes the offenders connection with the crime.
>
> "In carrying out such an arrest a private citizen has a right to pursue the felon and to use necessary force and any reasonable necessary means to effect that arrest or to prevent the escape of the person who has committed a felony in his presence, or whom he reasonably believes to be guilty of a felony, which has been committed.
>
> "And in any one of the situations described herein, such arrest by a private citizen may be made without a warrant."

In this opinion we have previously dealt with the question of a citizen's arrest. For the reasons above stated the trial court did not err in giving Instruction No. 2.

Appellant next contends the trial court erred in giving State's Instruction No. 4, which reads as follows:

> "You are further instructed that if you find beyond a reasonable doubt that the defendant on or about the date alleged in the Affidavit had in his possession or under his control the narcotic drug known as marihuana all as alleged in said Affidavit, then you should find the defendant guilty as charged."

It is appellant's contention that the above instruction is mandatory and thus invades the province of the jury in violation of Article 1, § 19 of the Indiana Constitution. A similar question was recently decided by this Court in the case of *Loftis* v. *State* (1971), 256 Ind. 417, 269 N. E. 2d 746, 25 Ind. 477. In the *Loftis* case the trial court instructed the jury that if they found all the material allegations of the indictment or affidavit to be proven beyond a reasonable doubt that they "should" convict the defendant so long as the court by other instructions either set forth all the material allegations which the state must prove or instructed the jury that they were the judges of the law as well as the facts. In the case at bar, the above instruction specifically states that the jury must find beyond a reasonable doubt that the appellant had possession of marijuana "as alleged in said Affidavit." In addition to the above instruction the jury was given court's Instruction No. 1 which incorporated the language of the charging affidavit. They were also given Instruction No. 2 which set out the statute alleged to be violated. By Instruction No. 3 the jury was informed that they were the judges of the law as well as the facts of the case. We, therefore, hold that under the authority of the *Loftis* case, *supra,* the trial court did not err in giving Instruction No. 4.

Appellant next claims the trial court erred in giving State's Instruction No. 7, which reads as follows:

> "You are further instructed that no matter what may be the motives leading to the particular act, if that act is illegal, motive is no defense to the illegal act, notwithstanding that one or more of the offender's motives may be meritorious."

Appellant's objection was based on a contention that the fact of whether or not motive is an issue is to be determined by the jury; that the instruction, therefore, invades the province of the jury by removing the question from their consideration. We cannot agree with appellant's contention. The general rule of law is that the most laudable

motive is not available as a defense where the act committed is a violation of a criminal statute. *22 C.J.S., Criminal Law, § 31, p. 107.* State's Instruction No. 7 was a correct statement of the law. The trial court did not err in giving said instruction.

The trial court is in all things affirmed.

Arterburn, C. J., and Prentice, J., concur; DeBruler and Hunter, JJ., concur in result.

NOTE.—Reported in 283 N. E. 2d 365.