STATE of Indiana, Appellant–Plaintiff,

v.

Timothy G. HART, Appellee–Defendant.

No. 82A01–9601–CR–26.

Court of Appeals of Indiana.

July 30, 1996.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for appellant–plaintiff.

Mark A. Foster, Evansville, for appellee–defendant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The trial court granted the defendant's motion to suppress, and the State now appeals pursuant to Indiana Code § 35–38–4–2(5). On April 3, 1995, Timothy G. Hart was charged with Operating a Vehicle While Intoxicated ("OWI"), a Class A misdemeanor, after he was arrested by a citizen. Prior to trial, Hart alleged that the citizen's arrest was unlawful, and he moved to suppress the evidence discovered as a result of the arrest. After a hearing the trial court granted the motion.

We reverse.

### ISSUE

The dispositive issue presented for our review is whether Hart was the subject of a valid citizen's arrest.

### FACTS

On March 31, 1995, Jon Collins followed an automobile driven by Hart in Vanderburgh County. Collins observed Hart's vehicle swerve in and out of traffic and, at one point, cross the center line into oncoming traffic.

Hart's driving forced two or three other vehicles from their respective lanes of traffic, and his vehicle almost ran two stoplights.

When Hart stopped his automobile at the third stoplight, Collins exited his automobile and approached Hart. Collins then reached through an open window into Hart's automobile, placed the vehicle in "park" and removed Hart's keys from the ignition. Collins told Hart that he was "trying to keep [Hart] from killing somebody."

It appeared that Hart was unable to sit upright except by holding onto the steering wheel, and his breath smelled strongly of alcohol. Another motorist used a cellular telephone to call police. When Collins informed Hart that the police were coming, Hart left his car and ran. Collins stayed near Hart's vehicle. Police officers apprehended Hart approximately one-half mile from his automobile.

### DISCUSSION AND DECISION

#### Standard of Review

Interpretation of a statute is a question of law reserved for the courts. *Robinson v. Zeedyk*, 625 N.E.2d 1249, 1251 (Ind.Ct.App.1993), *trans. denied.* Our goal in construing criminal statutes is to determine and give effect to the legislative intent. *State v. Keihn*, 542 N.E.2d 963, 965 (Ind. 1989). While criminal statutes must be construed strictly against the State, they should not be overly narrowed so as to exclude cases they fairly cover. *Tucker v. State*, 646 N.E.2d 972, 975 (Ind.Ct.App.1995). "If possible, they should be allowed to perform their intended mission as shown by the existing evils intended to be remedied." *Id.* (quoting *Morris v. State*, 227 Ind. 630, 632, 88 N.E.2d 328, 329 (1949)).

#### Citizen's Arrest

The State contends that the trial court erred when it granted Hart's motion to suppress based upon the conclusion that Hart was unlawfully arrested. Neither party disputes that Collins' actions constituted an arrest. The State argues that Collins made

a valid citizen's arrest pursuant to Indiana Code § 35–33–1–4.

That statute provides in pertinent part:

(a) Any person may arrest any other person if:

(1) the other person committed a felony in his presence;

(2) a felony has been committed and he has probable cause to believe that the other person has committed that felony; or

(3) *a misdemeanor involving a breach of peace* is being committed in his presence and the arrest is necessary to prevent the continuance of the breach of peace.

(b) A person making an arrest under this section shall, as soon as practical, notify a law enforcement officer and deliver custody of the person arrested to a law enforcement officer.

IND. CODE § 35–33–1–4 (emphasis added). Here, Hart was charged with OWI, a Class A misdemeanor. *See* IND. CODE § 9–30–5–2. Whether that offense involves a breach of the peace which would justify a lawful citizen's arrest has not yet been decided in this state.[1]

■ A breach of the peace includes all violations of public peace, order or decorum. *Census Fed. Credit Union v. Wann,* 403 N.E.2d 348, 350 (Ind.Ct.App.1980). It is a violation or disturbance of the public tranquility or order and includes breaking or disturbing the public peace by any riotous, forceful, or unlawful proceedings. *Id.* Thus, a breach of the peace may involve other offenses. *Id.*

Hart argues that the disorderly conduct statute alone defines "breach of peace" and asserts that his behavior does not fit within the statutory definition. We agree that disorderly conduct can include a breach of the peace. *See* 4 I.L.E. *Breach of the Peace* § 1, at 212 n. 4 (1958). However, we do not agree that the disorderly conduct statute describes

the only behavior that constitutes a breach of the peace.

■ The supreme court has stated that violence, either actual or threatened, is an essential element of breaching the peace. *Price v. State,* 622 N.E.2d 954, 960 n. 6 (Ind.1993). One of our sister states has specifically concluded that the offense of OWI is an activity which threatens the public security and involves violence. *City of Waukesha v. Gorz,* 166 Wis.2d 243, 479 N.W.2d 221, 223 (Ct.App.1991) (held OWI is breach of the peace). Further, the United States Supreme Court implicitly recognized the violent consequences of OWI when it spoke of the "slaughter on our highways" caused by intoxicated drivers. *See Breithaupt v. Abram,* 352 U.S. 432, 439, 77 S.Ct. 408, 412, 1 L.Ed.2d 448, 453 (1957). The Court has also noted the alcohol-related "mutilation" on the Nation's roads. *Michigan Dep't of State Police v. Sitz,* 496 U.S. 444, 451, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412, 420 (1990). We conclude that a person who operates a motor vehicle while intoxicated commits a breach of the peace, whether such conduct in a particular case consists of actual or threatened violence.

Here, Hart was weaving in and out of traffic. He forced two or three other vehicles from their respective lanes of traffic. Although Hart did not collide with another vehicle, he almost ran two stoplights. Hart's erratic driving threatened serious bodily injury or substantial property damage. Such behavior constitutes a breach of the peace. *See* 5 AM. JUR.2d *Arrest* § 67, at 716 (1995); *see also State v. Jennings,* 112 Ohio App. 455, 176 N.E.2d 304, 307 (1959) (automobile operated by driver under influence of intoxicating liquor becomes public menace, and one operating motor vehicle is guilty of breach of the peace).

Still, Hart argues that under our decision in *Miller v. State,* 641 N.E.2d 64 (Ind.Ct.App. 1994), *trans. denied,* Collins made an unlaw-

---

1. At common law, every criminal charge was to include an averment of a breach of the king's peace. This requirement was expressly abrogated by statute in 1852. *Candler v. State,* 266 Ind. 440, 446 n. 1, 363 N.E.2d 1233, 1237 n. 1 (1977) (citations omitted). Nevertheless, the modern

information often includes the following phrase or one of similar effect:

contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Indiana.

ful arrest. Hart's reliance upon *Miller* is misplaced. In that case, an off-duty law enforcement officer was neither wearing a uniform and badge nor driving a marked vehicle when he approached the defendant's car at a stoplight, advised the defendant that he was a special deputy, and then arrested her for OWI. *Id.* at 66. We concluded that the officer lacked authority to arrest the defendant under the statute which requires law enforcement officers to be readily identifiable when they seek to enforce Indiana laws regulating the use and operation of motor vehicles on our highways. *See* IND. CODE § 9–30–2–2.[2] That statute is designed to protect police officers from acts of resistance and harm should they not be clearly recognized as officers and to protect our citizens from the harm which might befall them from police impersonators. Here, Collins was not a law enforcement officer acting under color of law, and he is not subject to the statute that controlled our decision in *Miller.*

We recognize that, as in *Miller,* where an off-duty officer acting as a government agent is neither wearing a uniform and badge nor driving a marked vehicle, the officer's authority to make an official arrest for OWI is more limited than that of a private citizen to make a citizen's arrest. This creates an apparent anomaly. However, to hold that a citizen may not arrest for operating a vehicle while intoxicated would ignore the plain meaning of Indiana Code § 35–33–1–4. *See Benham v. State,* 637 N.E.2d 133, 136 (Ind.1994) (where language of statute is clear and unambiguous, that language should be given a literal interpretation).

Further, the statute authorizing a citizen's arrest and the statute limiting the authority of an off-duty police officer to make an official traffic-related arrest are supported by independent legislative policy determinations and are not incompatible. *See* IND. CODE

§ 35–33–1–4; IND. CODE § 9–30–2–2. The former describes when a private citizen may make an arrest while the latter merely requires that a law enforcement officer acting in his official capacity prove his authority. As discussed below, a citizen's arrest, which does not involve state action, and which would include an arrest made by an off-duty police officer who does not purport to act in his official capacity, is not governmental law enforcement conduct.

■ We hold that operating a motor vehicle while intoxicated is a breach of the peace for which an ordinary citizen in the proper circumstances may make a lawful arrest. *See* IND. CODE § 35–33–1–4. While Indiana law allows a citizen to arrest for OWI, we caution that there is risk inherent in every arrest and that a private person makes a citizen's arrest at his own peril. *Bowling v. Popp,* 536 N.E.2d 511, 515 (Ind. Ct.App.1989). We emphasize that a citizen may only arrest for a breach of the peace when "the arrest is necessary to prevent the continuance of the breach of peace" and that the citizen must notify a law enforcement officer as soon as practical. IND. CODE § 35–33–1–4(a)(3), 4(b).

In this case, Collins observed the commission of a continuing misdemeanor offense in his presence. Collins did not use physical force against Hart and, when Hart ran, he did not pursue him but waited for the arrival of police officers who had been notified of the incident. Collins merely did that which was necessary to prevent the continuation of Hart's breach of the peace. Thus, Hart was the subject of a valid citizen's arrest.

■ Even if the citizen's arrest of Hart had been unlawful, the evidence discovered as a result of the arrest would not have been excluded at his trial. The constitutional protection against unreasonable searches and seizures does not apply to actions of private

---

2. The statute provides in relevant part:

A law enforcement officer may not arrest or issue a traffic information and summons to a person for a violation of an Indiana law regulating the use and operation of a motor vehicle on an Indiana highway or an ordinance of a city or town regulating the use and operation of a motor vehicle on an Indiana highway unless at the time of arrest the officer is:

(1) wearing a distinctive uniform and a badge of authority; or
(2) operating a motor vehicle that is clearly marked as a police vehicle;

that will clearly show the officer or the officer's vehicle to casual observations to be an officer or a police vehicle.

IND. CODE § 9–30–2–2.

persons when they are not acting as agents of police authorities. *See Gajdos v. State,* 462 N.E.2d 1017, 1020–21 (Ind.1984); *Smith v. State,* 258 Ind. 594, 597–98, 283 N.E.2d 365, 367 (1972). The rationale for the rule is that the Fourth Amendment was historically directed at governmental law enforcement conduct, and the exclusionary rule, which is aimed at governmental law enforcement misconduct, would serve no useful purpose when applied to private persons. *Gajdos,* 462 N.E.2d at 1021 (citation omitted). Here, if the citizen's arrest had been unlawful, Collins might have incurred liability for damages, but the evidence would not have been suppressed. *See Smith,* 258 Ind. at 597, 283 N.E.2d at 367.

In sum, Collins made a lawful citizen's arrest. The trial court erred when it granted Hart's motion to suppress the evidence obtained as a result of that arrest.

Reversed.

BAKER and FRIEDLANDER, JJ., concur.