**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 19 2014, 8:20 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN WILD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES SMITH,        )
        )
   Appellant-Defendant,   )
        )
       vs.       )     No. 49A04-1306-CR-292
        )
STATE OF INDIANA,    )
        )
   Appellee-Plaintiff.    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
The Honorable Michael Jensen, Magistrate
Cause No. 49G20-1302-FA-12948

**February 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

James Smith appeals from his convictions after a bench trial of one count of class C felony Possession of Cocaine and a Firearm,[1] one count of class C felony Possession of Cocaine,[2] one count of class A misdemeanor Possession of Marijuana,[3] and one count of class A misdemeanor Carrying a Handgun Without Being Licensed,[4] contending that the trial court abused its discretion by admitting evidence that Smith possessed cocaine, marijuana, and a firearm without a license, when that evidence was allegedly obtained in contravention of the Fourth Amendment to the United States Constitution.

We affirm and remand.

David Parrish was employed as a security guard by Avert Security, a private security company that is not affiliated with law enforcement. Parrish had been trained through the National Rifle Association, received pepper-spray training, and through his employment, had encountered marijuana on at least ten occasions. Parrish was patrolling at Colonial Square Apartments on the evening of February 24, 2013. Parrish testified at trial that he was "pulling onto one of the parking lot areas, and as I pulled in, I saw a subject standing by the fence that surrounds the dumpster. And as I was pulling in, he took approximately two steps backwards." *Transcript* at 10. The man Parrish observed was subsequently identified as Smith.

---

[1] Ind. Code Ann. § 35-48-4-6(b)(1)(B) (West, Westlaw current through 1st Reg. Sess. & 1st Reg. Technical Sess.).
[2] I.C. § 35-48-4-6(b)(1)(A) (West, Westlaw current through 1st Reg. Sess. & 1st Reg. Technical Sess.).
[3] I.C. § 35-48-4-11 (West. Westlaw current through 1st Reg. Sess. & 1st Reg. Technical Sess.).
[4] Ind. Code Ann. § 35-47-2-1 (West, Westlaw current through 1st Reg. Sess. & 1st Reg. Technical Sess.).

Parrish pulled his vehicle alongside Smith and exited his vehicle. Parrish asked Smith for identification in order to determine if Smith was a visitor or an apartment resident. Smith refused to remove his hands from his coat as he spoke with Parrish. Parrish asked Smith to remove his hands from his pockets, and as Smith did so, a loaded firearm and a green leafy substance, later identified as marijuana, fell from Smith's pocket onto the ground. Parrish also noticed the odor of burnt marijuana emanating from Smith. Smith told Parrish "that's [sic] not my guns." *Id*. at 13. Because Smith referred to "guns," Parrish believed that Smith possessed one or more additional weapons. Parrish placed Smith in handcuffs and called 9-1-1. Parrish then retrieved the marijuana and firearm from the ground and placed them on the hood of his vehicle.

Officer Evan Meyer of the Indianapolis Metropolitan Police Department responded to Parrish's 9-1-1 call at the Colonial Square Apartments. Officer Meyer testified at trial that "As I pulled in, the security guard flashed his flashlight at me so I could see exact—his exact location. As I pulled off [sic], I saw that he had Mr. Smith at the back—or at this [sic] front of his—he had a Crown Vic, Crown Victoria. As I walked up to him, I saw that there was a handgun, a digital scale,[5] and some marijuana sitting on the hood of the car." *Id*. at 23. Parrish told Officer Meyer the circumstances leading up to the marijuana and weapon falling out of Smith's pocket. Officer Meyer then asked Smith for his name and Smith complied. After running Smith's name through the police computer system, he discovered that Smith did not have a license for the firearm. Officer Meyer arrested Smith and then conducted a

---

[5] The admissibility of the digital scale is not challenged here on appeal.

search incident to that arrest. Officer Meyer discovered what was later identified as 5.09 grams of crack cocaine in Smith's right front pocket. Smith was then transported to jail.

The State charged Smith with one count of class A felony dealing in cocaine, one count of class C felony possession of cocaine and a firearm, one count of class C felony possession of cocaine, one count of class D felony possession of marijuana, one count of class A misdemeanor carrying a handgun without a license.[6] On May 21, 2013, the trial court sentenced Smith to a term of seven years executed on his conviction for possession of cocaine as a class C felony and to a concurrent, executed term of two years for Smith's conviction of class A misdemeanor possession of marijuana.[7] Smith now appeals.

Smith asserts that the trial court abused its discretion by admitting into evidence marijuana, cocaine, and the firearm, claiming that the items were the product of an unreasonable search and seizure. Generally speaking, the admission or exclusion of evidence is entrusted to the discretion of the trial court. *Collins v. State*, 966 N.E.2d 96 (Ind. Ct. App. 2012). A trial court's decision will be reversed only for an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when it misinterprets the law. *Id.* On review, we consider

---

[6] The State correctly observed that the chronological case summary, abstract of judgment, and judgment of conviction indicate that Smith was charged with and convicted of Count VI, carrying a handgun without a license as a class C felony. Smith has provided this court with a copy of the trial court's *nunc pro tunc order* vacating the judgment of conviction on that count. Although this judgment does not impact Smith's aggregate sentence, the matter is remanded to correct the trial court's records.

[7] The State correctly observes that Smith's two-year sentence for class A misdemeanor possession of marijuana is illegal. Pursuant to Ind. Code Ann. § 35-50-3-2 (West, Westlaw current through 1st Reg. Sess. & 1st Reg. Technical Sess.) a person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one year. Further, Smith was not sentenced on his conviction for carrying a handgun without a license as a class A misdemeanor. These matters are remanded to the trial court for resentencing on Count V and Count VI.

the conflicting evidence most favorable to the trial court's ruling and any uncontested evidence favorable to the defendant. *Id.* In our review of whether the introduction of evidence affected a defendant's substantial rights, we assess the probable impact of the evidence on the jury. *Id.* The erroneous admission of evidence is harmless and not reversible error where the evidence is merely cumulative of other evidence properly admitted. *Id.*

At trial, Smith's sole objection pertained to the admissibility of the marijuana. Thus, Smith's failure to lodge a contemporaneous objection to the admissibility of the cocaine and the firearm waives the issue of their admissibility for appellate review. "The failure to make a contemporaneous objection to evidence when it is offered waives any claim of error in its admission on appeal." *Shoultz v. State*, 995 N.E.2d 647, 654 (Ind. Ct. App. 2013). By making a contemporaneous objection at trial, a party immediately and fully alerts the trial court of the legal issue. *Id.*

Additionally, Smith's objection at trial to the admissibility of the marijuana was based on an alleged defect in the chain of custody. On appeal, Smith advances a constitutional claim regarding each of these items of evidence. A defendant may not raise one ground for objection at trial and argue a different ground on appeal. *Morgan v. State*, 755 N.E.2d 1070 (Ind. 2001).

Although a waiver argument is raised, we address the merits of Smith's claims. Smith argued his motion to suppress, at the trial court's direction, at the close of the State's case, and the motion was denied. Smith did challenge the legality of the search and such was argued at that time.

5

There is no evidence in the record to suggest that Parrish was acting as an agent of law enforcement. Parrish testified that he was employed by Avert, a private security company, which had a contract through Gene B. Glick Properties, for security at Colonial Square Apartments. Parrish wore a uniform with patches on it, but had to telephone law enforcement officers in the event he detained an individual and needed assistance.

We stated the following in *State v. Hart*:

> The constitutional protection against unreasonable searches and seizures does not apply to actions of private persons when they are not acting as agents of police authorities. The rationale for the rule is that the Fourth Amendment was historically directed at governmental law enforcement conduct, and the exclusionary rule, which is aimed at governmental law enforcement misconduct, would serve no useful purpose when applied to private persons. Here, if the citizen's arrest had been unlawful, [the private person] might have incurred liability for damages, but the evidence would not have been suppressed.

669 N.E.2d 762, 765-66 (Ind. Ct. App. 1996) (internal citations omitted). Given that Parrish was not acting as an instrument or agent of the government, Smith's entitlement to relief hinges on whether he can show that the police obtained the cocaine, marijuana, and firearm illegally.

Regarding the marijuana and the firearm, Officer Meyer testified that he observed those items on the hood of Parrish's car upon his arrival at the scene. In other words, Officer Meyer observed the items in plain view.

> Police may seize evidence not identified in a warrant under the plain view doctrine. The plain view doctrine allows a police officer to seize items when he inadvertently discovers items of readily apparent criminality while rightfully occupying a particular location. First, the initial intrusion must have been authorized under the Fourth Amendment. Second, the items must be in plain

6

view.  Finally, the incriminating nature of the evidence must be immediately apparent.

*Jones v. State*, 783 N.E.2d 1132, 1137 (Ind. 2003).  Here, Officer Meyer responded to a 9-1-1 call placed by Parrish and observed the marijuana and the firearm along with a digital scale on the hood of Parrish's car.  The incriminating nature of the evidence on the hood of the car was immediately apparent and its seizure was not unreasonable.

Furthermore, the cocaine was properly admitted as the result of search incident to arrest.

> The search incident to arrest exception to the warrant requirement provides that a police officer may conduct a search of "'the arrestee's person and the area within his immediate control.'"  "Evidence resulting from a search incident to a lawful arrest is admissible at trial."  "Probable cause adequate to support a warrantless arrest exists when, at the time of the arrest, the officer has knowledge of facts and circumstances that would warrant a person of reasonable caution to believe that the suspect committed a criminal act.

*Rhodes v. State*, 996 N.E.2d 450, 455 (Ind. Ct. App. 2013) (internal citations omitted).  After Smith identified himself, Officer Meyer ran Smith's name through the police computer system and discovered that Smith did not have a license for the firearm that had fallen from his pocket.  Officer Meyer lawfully arrested Smith for the offense of carrying a handgun without a license, and incident to that arrest, searched Smith's person.  Officer Meyer discovered the cocaine in the right pocket of Smith's coat.  The cocaine was lawfully seized.

Additionally, we conclude that Officer Meyer did not violate article 1, section 11 of the Indiana Constitution.  "Indiana has explicitly rejected the expectation of privacy as a test of the reasonableness of a search or seizure.  The legality of a governmental search under the Indiana Constitution turns on an evaluation of the reasonableness of the police conduct under

7

the totality of the circumstances." *Litchfield v. State*, 824 N.E.2d 356, 359 (Ind. 2005). In this case, Officer Meyer had a high degree of concern and an articulable suspicion that criminal activity was taking place. As he approached Parrish and Smith, he observed a bag of marijuana, a digital scale, and a firearm in plain view on the hood of Parrish's car. Upon discovering that Smith lacked a license to carry the firearm, Officer Meyer had probable cause to believe that criminal activity was taking place. The search of Smith's person incident to his arrest was minimally intrusive and also necessary to determine if Smith possessed other weapons. We find no violation of Indiana constitutional protections here.

Judgment affirmed and remanded.

KIRSCH, J., and BAILEY, J., concur.