**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FERNANDO MIRANDA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1401-CR-10 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
Cause No. 49F07-1309-CM-62446

**August 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Fernando Miranda appeals his convictions for Class A misdemeanor resisting law enforcement and Class B misdemeanor public intoxication, arguing that they are not supported by sufficient evidence. Specifically, Miranda claims that Appellee-Plaintiff the State of Indiana failed to prove that his resistance of a police officer was "knowing or intentional" and "forcible," as required by Ind. Code § 35-44.1-3-1. Finding evidence that, *inter alia*, Miranda knew a police officer was attempting to handcuff him and that he pulled away from the officer, we conclude that sufficient evidence supports Miranda's Class A misdemeanor resisting law enforcement conviction. Miranda also claims the State failed to prove that he breached the peace, as required by Ind. Code § 7.1-5-1-3(a)(3). Finding evidence, *inter alia*, that Miranda forcibly and repeatedly resisted a police officer, we conclude that sufficient evidence supports Miranda's conviction for Class B misdemeanor public intoxication. We affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

At approximately 3:00 a.m. on February 20, 2013, Miranda called 911 to report that he had been robbed of his billfold at an auto repair shop on West 10th Street in Indianapolis. Officer Jon King of the Indianapolis Metropolitan Police Department ("IMPD") responded to Miranda's call in full police uniform and driving a marked IMPD patrol car. When Officer King arrived at the auto repair shop, he found Miranda standing on the sidewalk outside. Miranda was intoxicated, having been drinking beer at the auto repair shop in celebration of his pending move to New Jersey.

Officer King began questioning Miranda, but their communication "wasn't real

2

effective." Tr. p. 9. Miranda speaks Spanish and very little English. Officer King speaks English and very little Spanish, the latter being learned as a part of his police training. Miranda quickly became agitated, yelling, "No policia, no policia." Tr. p. 10. Then, suddenly, Miranda "stepped back into a fighting stance" and "balled up his fists" as if "he was about to hit [Officer King]." Tr. p. 12. Officer King stepped away from Miranda, at which point Miranda put his left hand into his pocket. Fearing Miranda was about to pull a weapon from his pocket, Officer King grabbed Miranda's left arm and tried to get him into a position where he could be handcuffed.

Officer King twice told Miranda—in Spanish—to put his hands behind his back. Miranda did not comply. Instead, he tensed his body, making it "extremely rigid." Tr. p. 14. Unable to remove Miranda's left hand from his pocket, Officer King delivered a knee strike to one of Miranda's thighs and took him to the ground. There, Officer King was able to cuff Miranda's right hand. Miranda, however, held his left hand underneath his body and began pulling his right, cuffed hand away from Officer King. Officer King had to pull on his handcuffs with a "significant amount of force" to get Miranda's right hand back behind his back. Tr. p. 16-17. With Miranda still holding his left hand underneath his body, Officer King delivered a single punch to Miranda's torso. At that point, Miranda's left hand came out from under his body, and Officer King was able to handcuff both hands. Miranda later testified, "I couldn't resist any longer, so, I just let him handcuff me." Tr. p. 44.

The State charged Miranda with one count each of Class A misdemeanor resisting law enforcement and Class B misdemeanor public intoxication. Following a bench trial on

December 12, 2013, Miranda was found guilty as charged. The trial court sentenced Miranda to 365 days of incarceration for his Class A misdemeanor resisting law enforcement conviction, with 362 days suspended to supervised probation. For his Class B misdemeanor public intoxication conviction, the trial court sentenced Miranda to 180 days of incarceration, with 176 days suspended to supervised probation. Miranda's sentences were ordered to be served concurrently.

## DISCUSSION AND DECISION

Miranda challenges the sufficiency of the evidence to support his convictions for Class A misdemeanor resisting law enforcement and Class B misdemeanor public intoxication.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal citations, emphasis, and quotation marks omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012).

4

## I. Whether Sufficient Evidence Supports Miranda's Conviction for Resisting Law Enforcement

Miranda argues that the State presented insufficient evidence to support his Class A misdemeanor resisting law enforcement conviction. Indiana Code section 33-44.1-3-1(a) provides that "[a] person who knowingly or intentionally … forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties … commits resisting law enforcement, a Class A misdemeanor." Ind. Code § 35-44.1-3-1(a)(1).

### A. Knowing or Intentional Resistance

Miranda first claims that the State failed to prove that he "knowingly or intentionally" resisted Officer King. Ind. Code § 35-44.1-3-1(a)(1). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). The knowledge and intent behind a defendant's actions may be inferred from the circumstances. *Ritchie v. State*, 809 N.E.2d 258, 270 (Ind. 2004).

We conclude that the evidence sufficiently supports a finding that Miranda knowingly or intentionally resisted Officer King. Although Miranda speaks Spanish and very little English, and Officer King speaks English and very little Spanish, the record reveals that Officer King twice told Miranda—in Spanish—to put his hands behind his back. Miranda also began pulling his right hand away from Officer King after it had already been cuffed. Moreover, in his testimony regarding the incident with Officer King,

5

Miranda stated, "I couldn't resist any longer, so, I just let him handcuff me." Tr. p. 44. From this evidence, a reasonable fact finder could infer that Miranda was aware of a high probability that he was resisting Officer King or that it was his conscious objective to do so. Ind. Code § 35-41-2-2.

### B. Forcible Resistance

Miranda alternatively claims that the State failed to prove that he "forcibly" resisted Officer King. Ind. Code § 35-44.1-3-1(a)(1). "[A] person 'forcibly' resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties." *Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013). The requisite level of force, however, need not be "overwhelming or extreme." *Id.* "[A] modest exertion of strength, power, or violence" is sufficiently forcible. *Id.*

We conclude that the evidence sufficiently supports a finding that Miranda acted forcibly in resisting Officer King. The record reveals that, when Officer King first attempted to handcuff him, Miranda tensed his body, making it "extremely rigid." Tr. p. 14. *See Johnson v. State*, 833 N.E.2d 516, 517 (Ind. Ct. App. 2005) (finding forcible resistance where defendant "stiffened up" when officers attempted to put him into a police vehicle); *see also Graham v. State*, 903 N.E.2d 963, 966 (Ind. 2009) (finding no forcible resistance where defendant refused to comply with officer's order to present his arms for cuffing but stating, "'[S]tiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice."). Further, after Officer King took Miranda to the ground, Miranda held his left hand underneath his body. *See Lopez v. State*, 926 N.E.2d 1090, 1094

6

(Ind. Ct. App. 2010) ("If the officers were unable to pull his arms out from under him, it is reasonable to infer that he was forcibly resisting their efforts rather than remaining entirely passive."). Moreover, Miranda began pulling his right, cuffed hand away from Officer King, who had to pull on his handcuffs with "a significant amount of force" to get Miranda's right hand back behind his back. *See J.S. v. State*, 843 N.E.2d 1013, 1017 (Ind. Ct. App. 2006) (finding forcible resistance where juvenile "pulled," "jerked," and "yanked" away from Officer, "making it impossible for [officer] to hold her hands"). This evidence supports a finding that Miranda used "strong, powerful, violent means" to resist Officer King. *Walker*, 998 N.E.2d at 727.

## II. Whether Sufficient Evidence Supports Miranda's Conviction for Public Intoxication

Miranda also argues that the State presented insufficient evidence to support his conviction for public intoxication. Miranda was convicted under Indiana Code subsection 7.1-5-1-3(a), which, as amended in 2012, no longer criminalizes simply being intoxicated in public. *Stephens v. State*, 992 N.E.2d 935, 938 (Ind. Ct. App. 2013). The statute now provides:

> [I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9), if the person:
> (1) endangers the person's life;
> (2) endangers the life of another person;
> (3) breaches the peace or is in imminent danger of breaching the peace; or
> (4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3(a). Miranda does not contest that he was intoxicated in a public place. He claims only that the State failed to prove that he endangered his life or that of

7

another person; breached the peace or was in imminent danger of doing so; or harassed, annoyed, or alarmed another person. Ind. Code § 7.1-5-1-3(a)(1)-(4).

The State claims Miranda's forcible resistance of Officer King breached the peace. "A breach of the peace includes all violations of public peace, order or decorum." *State v. Hart*, 669 N.E.2d 762, 764 (Ind. Ct. App. 1996) (*citing Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 350 (Ind. Ct. App. 1980)). "It is a violation or disturbance of the public tranquility or order and includes breaking or disturbing the public peace by any riotous, forceful, or unlawful proceedings." *Lemon v. State*, 868 N.E.2d 1190, 1194 (Ind. Ct. App. 2007). "Thus, a breach of the peace may involve other offenses." *Id.*; *see e.g.*, *Hart*, 669 N.E.2d at 764 (holding that a person who operates a motor vehicle while intoxicated commits a breach of the peace).

We conclude that the evidence sufficiently supports a finding that Miranda breached the peace in imminent danger of breaching the peace in that the record reveals that Miranda yelled at Officer King and then "stepped back into a fighting stance" and "balled up his fists" as if "he was about to hit [him]." Tr. p. 12. This evidence supports a finding that Miranda disturbed the public tranquility. *Lemon*, 868 N.E.2d at 1194.

**CONCLUSION**

We conclude that the State presented sufficient evidence to support Miranda's convictions for Class A misdemeanor resisting law enforcement and Class B misdemeanor public intoxication. Accordingly, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.