**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KIEON SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1402-CR-74 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick Murphy, Master Commissioner
Cause No. 49F07-1309-CM-64065

**November 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Kieon Smith challenges the sufficiency of evidence supporting his conviction of public intoxication, a Class B misdemeanor.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 27, 2013, Officer Maralee King was dispatched to help settle a dispute between Smith and the mother of his children, Lakesha Daye, regarding the location of her vehicle's keys. On Officer King's arrival, the family asked Smith to come out of the house and talk to the officer. He did so and told her he "didn't have shit…didn't have any keys." (Tr. at 9.) Because Smith, Daye, several children, and other family members were in the area talking and/or yelling, Officer King summoned backup.

Officer Jose Navarro arrived in a marked car with sirens and lights activated. Officer Navarro had to yell to make himself heard over the general clamor. He told Smith to "quit yelling and screaming in the middle of the street, told him to get back." (*Id.* at 19.) Smith allowed Officer Navarro to search him, but the officer found no keys. Officer Navarro told Smith to return to the house. Smith did, but he soon came back outside. Because Smith continued to yell and scream, Officer Navarro arrested him for disorderly conduct and public intoxication. After a bench trial, the court convicted Smith of public intoxication.

## DISCUSSION AND DECISION

Our standard of review is well-settled:

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to

---

[1] Ind. Code § 7.1-5-1-3 (2012).

determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (quotations, citation, and footnote omitted) (emphasis in original).

Our legislature defined public intoxication as follows:

[I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9), if the person:
        (1) endangers the person's life;
        (2) endangers the life of another person;
        (3) breaches the peace or is in imminent danger of breaching the peace; or
        (4) harasses, annoys[2], or alarms another person.

Ind. Code § 7.1-5-1-3(a) (2012) (footnote added).

Smith first asserts the State lured him into a public place because family members and Officer King asked him to come out to talk to Officer King about Daye's keys. Officers Navarro and King testified Smith was alternately on the street and inside private property. *See State v. Moriarty*, 74 Ind. 103, 103, 1881 WL 6411 (1881) (*"Prima facie* a public street is a public place."*) (emphasis in original). But the record does not demonstrate Smith was lured there by the State. Officer King testified family members asked Smith to come outside. Additionally, Smith was not arrested when he came outside to talk to Officer King. Officer

Navarro ordered Smith to return inside the house, which Smith did, but then Smith came back outside of his own accord and was arrested thereafter. Thus, Smith's argument is not supported by the evidence favorable to the judgment.

Next, Smith asserts the State did not prove he was "breaching the peace." *See* Ind. Code § 7.1-5-1-3(a)(3).

> A breach of the peace includes all violations of public peace, order or decorum. It is a violation or disturbance of the public tranquility or order and includes breaking or disturbing the public peace by any riotous, forceful, or unlawful proceedings. Thus, a breach of the peace may involve other offenses.

*State v. Hart,* 669 N.E.2d 762, 764 (Ind. Ct. App. 1996) (citation omitted). One of the "other offenses" is disorderly conduct. *See id.* at 764 ("disorderly conduct can include a breach of the peace"); *and see* Ind. Code § 35-45-1-3(a)(2) (disorderly conduct occurs when one "recklessly, knowingly, or intentionally makes unreasonable noise and continues to do so after being asked to stop"). Thus, as the court convicted Smith of public intoxication, it explained the disorderly conduct charge was "duplicate more or less . . . since I'm covering the language of the breach of peace [in] the public intoxication charge." (Tr. at 39).

Nevertheless, Smith argues that, with children on the scene, yelling adults, and police sirens, the peace was already breached, such that his yelling and screaming did nothing more to breach the peace than what had already occurred. We decline to give credence to Smith's assertion that his disorderly behavior – his continued screaming and yelling after being ordered to return inside the house and after being asked to stop yelling – did not justify his

---

[2] We note the constitutionality of the statute's use of the word "annoy" is pending before our Indiana Supreme Court. *See Morgan v. State*, 4 N.E.3d 751 (Ind. Ct. App. 2013), *trans. granted* 8 N.E.3d 202 (Ind. 2014).

arrest, regardless what other distractions may have existed at the scene. Smith's behavior was sufficient to support his conviction for public intoxication. *See*, *e.g.*, *Whited v. State*, 256 Ind. 386, 388-90 (1971) (disorderly conduct conviction upheld due to the nature of defendant's conduct; State did not need to present testimony that defendant's behavior, in fact, disturbed any specific neighbor's peace).

The State presented sufficient evidence Smith was on public property while intoxicated and his conduct breached the peace. We accordingly affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.